IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

VERNON DUNBAR,

    Defendant.
                                     /

No. CR 99-40072 CW

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

    Defendant Vernon Dunbar, represented by counsel, moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's recent amendment to U.S.S.G. § 2D1.1 which lowered the base offense levels applicable to cocaine base offenses. Plaintiff opposes the motion. The matter was taken under submission on the papers. Having considered all the papers filed by the parties, the Court DENIES the motion for reduction of sentence.

BACKGROUND

    On July 13, 2000, a federal jury convicted Defendant of possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1)); possession of a firearm during and in relation to a drug trafficking offense (18 U.S.C. § 924(c)(1)); being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)); and possession of

a firearm with a removed or altered serial number (18 U.S.C. § 922(k)). Defendant possessed 119.7 grams of cocaine. (Pre-Sentence Report at ¶ 11, 12). On May 21, 2001, Defendant was sentenced to life imprisonment on Count One, 120 months on Count Four and sixty months on Count Five, both to run concurrent with each other and with the sentence on count One, and sixty months on Count Three to run consecutive. On October 21, 2002, Defendant was re-sentenced to 240 months on Count One.

## LEGAL STANDARD

Title 18 U.S.C. § 3582(c)(2) provides jurisdiction to the courts to reduce a sentence where the applicable guideline sentencing range has been subsequently lowered. United States v. Navarrete, 2008 WL 1757579 at *2. Section 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Commission . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent applicable if such reduction is consistent with the applicable policy statement of the Sentencing Commission.

Whether to grant a reduction lies within the discretion of the court. United States v. Ragland, __ F. Supp.2d ___, 2008 WL 2938662, *2 (D.D.C.). In determining whether, and to what extent, a reduction in a defendant's term of imprisonment is warranted, the court shall determine the amended guideline range and apply it as if it had been in effect at the time the defendant was sentenced. Id. at *3 (citing U.S.S.G. § 1B1.10(b)(1)).

## DISCUSSION

At issue is the 2007 amendment to the Sentencing Guidelines which lowered the penalties for most crack cocaine offenses by two

2

levels.  See U.S.S.G. App. C, Supp. Amend. 706, U.S.S.G. § 2D1.1. This amendment applies retroactively.  Defendant argues that the amended sentencing range for his drug offense is now 168 to 210 months and thus his sentence should be reduced to 168 months for the drug count.  Plaintiff argues that, because Defendant was sentenced to the mandatory minimum sentence established by statute, his sentence cannot be reduced any further.

    There is a mandatory minimum twenty-year sentence for persons convicted of the drug offenses described in 21 U.S.C. § 841(a) with a prior felony drug conviction.  21 U.S.C. § 841(b)(1)(A).  In order to invoke the district court's jurisdiction under § 3582(c)(2), the sentence must have been imposed pursuant to a sentencing range that has been subsequently lowered.  Because Defendant was sentenced to the statutorily required 240 months, the sentence was not affected by a reduction in the guideline range. Therefore, the Court lacks authority to reduce Defendant's sentence pursuant to § 3582(c)(2).

    Defendant argues that the mandatory minimum sentence was based upon the judicially found facts of drug type, quantity and prior convictions and that because these facts were not proven to a jury as required by Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), the mandatory minimum sentence found in 21 U.S.C. § 841(b)(1) does not apply.  This argument is not properly brought in a motion to reduce sentence under § 3582(c)(2) which only provides jurisdiction to reduce a sentence due to a guideline reduction; it might properly be brought only in a motion to vacate, set aside, or correct a sentence under

3

28 U.S.C. § 2255.[1]

Therefore, the Court lacks jurisdiction under § 3582(c)(2) to reduce Defendant's sentence and his motion is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

Dated: 10/15/08

_____
CLAUDIA WILKEN
United States District Judge

---

[1] The Court does not imply that such a motion should be brought or would be well-taken. Numerous obstacles, including timeliness and retroactivity, would apply.

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

  v.

ABRAMS et al,

        Defendant.
        _____/

Case Number: CR99-40072 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kimberly Marie Briggs
U.S. Attorney's Office
1301 Clay Street
Room 340S
Oakland, CA 94612

Christopher J. Cannon
Sugarman & Cannon
44 Montgomery St.
Suite 2080
San Francisco, CA 94104

Vernon Dunbar
98532-011
FCI
3600 Guard Rd.
Lompoc, CA 93436

Dated: October 15, 2008

                      Richard W. Wieking, Clerk
                      By: Sheilah Cahill, Deputy Clerk

**United States District Court**
For the Northern District of California