IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES VERNON DUNBAR,<br><br>　　　　Defendant.　　　　　　　/ | No. CR 99-40072 CW<br><br>ORDER REGARDING SENTENCING, ORDERING PRE-SENTENCE REPORT AND VACATING SENTENCING HEARING |

　　On July 22, 2009, the Ninth Circuit remanded this case for the purpose of re-sentencing Defendant James Vernon Dunbar.  The parties have submitted briefs regarding Defendant's re-sentencing. Having considered all the briefs filed by the parties, the Court concludes that it has authority to re-sentence Defendant under 18 U.S.C. § 3582(c)(2) and orders a pre-sentence report from the United States Probation Department.

BACKGROUND

　　On July 13, 2001, a jury found Defendant guilty of four counts of a five count indictment: Count One, possession with intent to

distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1); Count Three, felon in possession of a firearm during and in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1); Count Four, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and Count Five, possession of a firearm with removed/altered serial number in violation of 18 U.S.C. § 922(k).  In the indictment, the government did not allege a specific drug quantity.  At trial, evidence was presented that officers had seized 119.7 grams of crack cocaine from Defendant, but there was no special verdict form and the jury was not instructed to make specific findings on drug quantity.

Defendant has been sentenced three times.  The third sentence, imposed on October 21, 2002, is at issue here.  At the hearing, the probation officer recommended a sentence of 300 months -- 240 months for Counts One, Four and Five and a consecutive mandatory minimum of sixty months on Count Three, the § 924(c) conviction. The defense agreed with the probation department's calculation.

The prosecutor stated she understood there was a mandatory minimum twenty-year sentence on Count One, the drug count, and thus the Court was required to impose 240 months on that count.  The defense countered that, under United States v. Jordan, 291 F.3d 1091, 1094 (9th Cir. 2002), the Court could not impose the twenty-year mandatory minimum because the government had failed to allege drug quantity in the indictment and the jury had not made a specific finding on drug quantity.  The probation officer stated that he did not believe the mandatory minimum applied because the drug quantity had not been specified in the indictment.

The Court determined the offense level was 32, criminal

2

history category VI, with a Guideline range of 210 to 262 months and imposed the midrange sentence of 240 months on Counts One, Four and Five to run concurrently, followed by the mandatory minimum sixty months on Count Three, to run consecutively.

On February 22, 2008, Defendant filed a motion for sentence reduction under 18 U.S.C. § 3582(c)[1] and Amendment 706, which reduced the base levels by two for crimes involving cocaine base. The government argued that the Court had imposed a mandatory minimum twenty year sentence, and thus lacked jurisdiction to modify the sentence under § 3582(c). The Court accepted the government's argument. On appeal, the government stated that it had propounded an erroneous position in the District Court and that the Court had not imposed a mandatory minimum sentence but rather had sentenced Defendant under the Guidelines. The government moved for summary reversal and remand. The Ninth Circuit remanded for re-sentencing.

## DISCUSSION

The Ninth Circuit's remand order cited <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007), and <u>United States v. Medina-Casteneda</u>, 511 F.3d 1246, 1249 (9th Cir. 2008). <u>Kimbrough</u> held that the crack/powder cocaine disparity adopted in the United States Sentencing Guidelines has been rendered advisory by <u>United States v. Booker</u>, 543 U.S. 220 (2007). <u>Kimbrough</u>, 552 U.S. at 89. In doing so, the Court noted that 18 U.S.C. § 3553(a)(6) directs

---

[1] Section 3582(c)(2) provides that, in the case of a defendant who has been sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a).

3

sentencing courts to consider the need to avoid unwarranted sentence disparities, as well as other factors listed in § 3553(a),[2] when imposing sentences. Id. at 107. In Medina-Casteneda, 511 F.3d at 1249, the Ninth Circuit vacated the defendant's sentence and remanded for the district court to reconsider the sentence in light of the holding in Kimbrough that sentencing discretion under Booker extends to crack cocaine offenses. In United States v. Mix, 457 F.3d 906, 914 (9th Cir. 2006), the Ninth Circuit held that Booker may be applied retroactively.

Thus, the Court will re-sentence Defendant under 18 U.S.C. § 3582(c)(2).

The government now argues that the 2001 career offender provision applies to Defendant's conviction on Count One, 21 U.S.C. § 841(a)(1), the drug trafficking offense, with a prior conviction. The government states that a conviction on Count One with a prior in 2001 carried a statutory maximum of not more than thirty years. Under the career offender guidelines, a statutory maximum of thirty years produced an offense level of 34 and a criminal history category of VI, yielding a guideline range of 322 to 387 months.

---

[2]Section 3553(a) lists seven factors that a sentencing court must consider. The first is the nature and circumstances of the offense and the history and characteristics of the defendant. The second factor requires consideration of the seriousness of the offense and just punishment for it, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training or medical care. The third factor pertains to the kinds of sentences available, the fourth to the sentencing guidelines, the fifth to the Sentencing Commission's relevant policy statement, if any, and the sixth factor is the need to avoid unwarranted sentencing disparities. Gall v. United States, 552 U.S. 38, 50 n.7 (2007).

1  Because an offense level of 34 is greater than the otherwise
2  applicable offense level, the government argues it applies to
3  Defendant, and asks the Court to sentence Defendant to 300 months.
4  Because this argument appeared in the government's sur-reply,
5  Defendant has not had an opportunity to respond to it.

6       Defendant asserts that he should be sentenced to 108 months on
7  Counts One, Four and Five, plus the sixty month mandatory
8  consecutive sentence on Count Three, for a total of 168 months.  He
9  argues that the government is bound by a stipulation signed by his
10 defense attorney and the Assistant United States Attorney (AUSA)
11 who, at that time, was prosecuting his case.  The government argues
12 that the stipulation is not enforceable because it was not approved
13 by the AUSA's supervisor.  The Court need not resolve this dispute
14 because it is not bound by the stipulation.

15      In the alternative, Defendant proposes that his sentence
16 should be calculated as follows: he should be awarded a two point
17 reduction under § 3582(c) based upon the crack/powder sentencing
18 disparity, which would bring his offense level to 30, yielding a
19 Guideline range of 168 to 210 months, not counting the sixty month
20 mandatory consecutive sentence.  He argues that he should be
21 awarded another two-point reduction because he has now accepted
22 responsibility.  This would further reduce his offense level to 28,
23 yielding a Guideline range of 140 to 175 months, plus the sixty
24 month mandatory consecutive sentence.

25      Defendant submits a letter he wrote to the Court dated April
26 14, 2008, an April 7, 2008 letter from a prison chaplain and copies
27 of certificates indicating that he has successfully completed
28 course work and participated in group activities while

incarcerated.  He has also submitted letters from his sons who indicate they miss him and want to re-establish their relationship with him.  A letter from Henry Jacobs, the proprietor of a real estate investment company in Los Angeles, indicates that Defendant can work for him in Los Angeles upon his release from prison.  The government argues that Defendant should not receive a two-level departure for acceptance of responsibility because he went to trial, and submits documents to show that he has not been a model citizen in prison.

The letter from the prison chaplain is unsigned and does not contain the chaplain's name.  If Defendant wishes the letter to be considered, he should resubmit it, signed, including the chaplain's name and some information about his background, experience and knowledge of Defendant.  It is not clear from Mr. Jacobs' letter what his relationship is to Defendant.  It is not clear from Defendant's letter how he would re-establish relationships with his sons, who presumably live in the San Francisco Bay Area, if he works for Mr. Jacobs in Los Angeles.  Defendant may also respond to the government's sur-reply.  Any supplemental filings should be made in twenty-one days.

The Court refers this case to the United States Probation Office to prepare a brief, supplemental pre-sentence report.  In addition to the above issues, the pre-sentence report could address the views of Defendant's current custodians.

## CONCLUSION

Based on the foregoing, the Court requests a pre-sentence report from the Probation Department within twenty-one days from the date of this Order.  The sentencing hearing set for December 9,

6

2009 is vacated.  If necessary, the Court will set a date for a new sentencing hearing.

IT IS SO ORDERED.

Dated: December 2, 2009

_____
CLAUDIA WILKEN
United States District Judge